# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DARRELL MCKINLEY and PAUL LINDSEY ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> TOWN OF EXCEL, ALABAMA ) <br> Defendant. ) | **CIVIL ACTION NO.:** 1:17-cv-10 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

NOW COME the Plaintiffs, Darrell McKinley and Paul Lindsey, by and through undersigned counsel, and states the following as their Complaint against Defendant, the Town of Excel, Alabama, as follows:

### I. NATURE OF THE ACTION

1. Plaintiffs bring this action against the Defendant for legal relief to redress unlawful violations of the Plaintiffs' rights under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and Alabama State Law to remedy violations of the wage provisions of the FLSA by Defendant, including the failure to pay wages. These violations have deprived the Plaintiffs of their lawful wages.

### II. PARTIES

2. Plaintiff Darrell McKinley (hereinafter "Plaintiff McKinley" or "McKinley") is an adult citizen and resident of Monroe County, Alabama and a former employee of Defendant,

Town of Excel, Alabama. He served as a police officer for the Town of Excel from January 10, 2012 until April 29, 2016.

3. Plaintiff Paul Lindsey (hereinafter "Plaintiff Lindsey" or "Lindsey") is an adult citizen and resident of Monroe County, Alabama and former employee of Defendant, Town of Excel, Alabama. He served as a police officer for the Town from 2007 until March 2016.

4. Defendant Town of Excel, Alabama, is a political subdivision of the State of Alabama located in Monroe County and Plaintiffs' former employer.

### III. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); and Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

### IV. FACTS

7. This action is brought to recover unpaid compensation, in the form of unpaid wages and overtime, owed to the Plaintiffs, pursuant to the FLSA. For at least three years prior to the filing of this complaint, Defendants have required Plaintiffs to work, on a regular basis, numerous hours for which they were not paid.

8. Plaintiff McKinley was paid an hourly wage of approximately $16.01 until March 2016, when his rate of pay became $17.24 per hour. He was paid for forty-four hours of work, regardless of the number of hours he actually worked, which often exceeded forty-four.

9. Plaintiff Lindsey was paid an hourly wage of approximately $17.24 per hour. He was paid for forty-four hours of work, regardless of the number of hours he actually worked, which

often exceeded forty-four.

10. Neither Plaintiff served in a supervisory position. Although the Plaintiffs' titles were Chief and Deputy Chief, both their duties were essentially those of a standard police officer, or "beat cop": they patrolled the community of Excel and checked in on local businesses. They served subpoenas for warrants and evictions, took complaints from citizens at their locations or at the Police station. They assisted with traffic when the town had water leaks. They also carried out some functions of the water department, including but not limited to cutting of water when bills were not paid. They wrote traffic citations, worked misdemeanor criminal cases, answered 911 calls and assisted other departments when necessary.

11. Plaintiffs spent numerous hours performing unpaid work. An initial calculation reveals Plaintiff McKinley worked hundreds of hours without pay. Upon information and belief, Plaintiff Lindsey worked a similar number of hours without pay.

12. In performing this unpaid work, Plaintiffs performed non-managerial duties.

13. Plaintiffs did not have any employees of their own and did not have the authority to hire, fire, promote, determine starting pay for, give pay raises to, or discipline employees of Defendant. Nor did they make any effective recommendations regarding these actions. They also did not determine budgets or delegate work assignments on behalf of the Defendant, or effectively recommend any such actions.

14. Plaintiffs did not customarily or regularly supervise two or more employees for 80 hours a week.

15. At all times material to this action, Defendant has been a political subdivision of a state subject to Section 3(s)(1)(C) of the FLSA.

16. At all times relevant to this action, Defendant was the "employer" of Plaintiffs as defined by the FLSA.

17. At all times material to this action, Plaintiffs were employees of Defendant as defined by the FLSA. They worked for Defendant within the territory of the United States within three years preceding the filing of this lawsuit.

18. The provisions set forth in §§ 206-207 of the FLSA apply to Defendants, and the Plaintiffs were covered by §§ 206-207 of the FLSA during their employment with Defendant.

19. On information and belief, Defendant has intentionally and willfully failed and/or refused to pay Plaintiffs for all time worked according to the provisions of the FLSA.

20. Defendant's system and practices relating to their non-payment of earned wages to Plaintiffs, has existed since at least three years prior to the filing of this action.

21. On information and belief, Defendant has been aware of the requirements of the FLSA and its corresponding regulations and their own violations of the FLSA since at least three years prior to the filing of this action. Despite this knowledge, Defendant has failed to pay the Plaintiffs the amount of pay required by the FLSA.

22. Plaintiffs seek unpaid wages, back pay, compensatory damages, an equal amount of liquidated damages, attorneys' fees, and costs, and all other legal and equitable relief available pursuant to 29 U.S.C. §216(b) *et seq*.

## V. CAUSES OF ACTION

### COUNT I

23. Plaintiffs incorporate by reference, as if fully set out herein, paragraphs 1 through 22 above.

24. By the actions alleged herein, Defendant has willfully, knowingly, and/or recklessly violated the provisions of the FLSA and corresponding federal regulations with respect to

the Plaintiffs.

25. As a result of the Defendant's violations of the FLSA, the Plaintiffs have suffered damages by failing to receive wages for hours worked in accordance with §§ 206 and 207 of the FLSA.

26. Defendant has not made good faith efforts to comply with the FLSA with respect to its compensation of the Plaintiffs.

27. As a result of the unlawful acts of Defendant, the Plaintiffs have been deprived of their rightful hourly compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs, pursuant to the FLSA, pray for the following relief:

a. That Plaintiffs be awarded damages in the amount of their unpaid compensation and back pay/lost wages, plus an equal amount of liquidated damages and/or prejudgment interest, for which the Defendant is liable;

b. Compensatory damages;

c. Reasonable attorneys' fees;

d. The costs and expenses of this action;

f. Such other, further legal and equitable relief as is available, including but not limited to, any injunctive and/or declaratory relief, to which she may be entitled;

e. Any further relief that the Court deems just and proper.

## JURY DEMAND

Plaintiffs request a jury trial for all claims set forth above.

Respectfully submitted,

 /s/ Abby M. Richardson
ABBY M. RICHARDSON (RICHA3209)
RICHARDSON LAW FIRM, LLC
118 N. Royal St., Suite 100
Mobile, AL 36602
Telephone: (251) 338-1695
Fax: (251) 338-1698
E-Mail:   abby@richardsonlawllc.com


*/s/ David F. Steele, Jr.*
David F. Steele, Jr. (STE199)
STEELE LAW, LLC
3 W. Claiborne St.
Monroeville, AL 36460
(251)575-4021
(251)575-7089 (fax)
davidjr@steelelawllc.com


***COUNSEL FOR PLAINTIFF***



**DEFENDANT MAY BE SERVED AT:**
Town of Excel
3199 Highway 136 West
Excel, AL 36439